**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Keyonbie Nashamba HUMPHREY,
Defendant–Appellant.**

**No. 15–12052
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 3, 2015.

Eloisa Delgado Fernandez, Wifredo A. Ferrer, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, Mark David Wilson, Office of State Attorney, Key West, FL, for Plaintiff–Appellee.

Stewart Glenn Abrams, Bonnie Phillips–Williams, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before HULL, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Keyonbie Nashamba Humphrey appeals his 120–month sentence, imposed below his advisory guidelines range,[1] after pleading guilty to a single count of possessing with intent to distribute 28 grams or more of cocaine base and a detectable amount of marijuana.

On appeal, Humphrey argues that the district court erred in determining that his two prior drug convictions under Fla. Stat. § 893.13(1) qualified him as a career offender under U.S.S.G. § 4B1.1(a).[2] Although he concedes that this Court previously determined, in *United States v. Smith,* 775 F.3d 1262 (11th Cir.2014), *cert. denied,* —— U.S. ——, 135 S.Ct. 2827, 192 L.Ed.2d 864 (2015), that a violation of Fla. Stat. § 893.13(1) qualifies as a "controlled substance offense" for purposes of the Sentencing Guidelines' career offender enhancement, Humphrey argues, for the purpose of preserving his appellate rights, that *Smith* was incorrect.[3]

We review *de novo* the district court's decision to classify a defendant as a career offender under U.S.S.G. § 4B1.1. *United States v. Gibson,* 434 F.3d 1234, 1243 (11th Cir.2006). This Court is "bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Vega–Castillo,* 540 F.3d 1235, 1236 (11th Cir.2008) (quotation omitted).

A defendant is a career offender if, *inter alia,* he has at least two prior felony convictions for a controlled substance offense. U.S.S.G. § 4B1.1(a). A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that

---

1. Humphrey's offense level was 31, and his criminal history category was VI, yielding an advisory guidelines range of 188 to 235 months.

2. One felony drug conviction was in 2004, and the other in 2007. The government contended that Humphrey also had a third prior qualifying conviction, namely, his 2003 drug conviction, but that prior conviction is not at issue in this appeal.

3. Humphrey actually argues that neither of his prior convictions should qualify as a "serious drug offense," but he is quoting language from the Armed Career Criminal Act, 18 U.S.C. § 924(e), which is not relevant in this case. We presume Humphrey means to argue that neither of his prior convictions should qualify as a "controlled substance offense" under U.S.S.G. § 4B1.1(a).

prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b).

Under Florida law, it is a crime to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). Where the offense involves cocaine, it is a second-degree felony and carries a 15–year maximum term of imprisonment. *Id.* § 893.13(1)(a)(1), *cross-referencing id.* §§ 775.082(3)(d), 893.03(2)(a)(4). In 2002, the Florida legislature eliminated knowledge of the illicit nature of a substance as an element of controlled substance offenses under Fla. Stat. § 893.13(1). *Id.* § 893.101(2). Subsequently, this Court has determined that a prior conviction under Fla. Stat. § 893.13(1) is a "controlled substance offense" under U.S.S.G. § 4B1.2(b) and, therefore, qualifies as a predicate felony for the purposes of the career offender enhancement under U.S.S.G. § 4B1.1(a). *Smith,* 775 F.3d at 1267–68. "No element of *mens rea* with respect to the illicit nature of the controlled substance is expressed or implied" in the Guidelines' definition of a controlled substance offense. *Id.* at 1267.

The district court did not err in determining that Humphrey's prior convictions under Fla. Stat. § 893.13(1) were controlled substance offenses for purposes of the career offender enhancement. *See id.* at 1267–68. As Humphrey concedes, his argument on appeal is foreclosed by our decision in *Smith.*

**AFFIRMED.**